Robert J. McARDLE, Plaintiffs,

v.

BOMBADIER, INC., Defendants.

No. 3:98CV7421.

United States District Court,
N.D. Ohio,
Western Division.

Oct. 31, 2001.

Barbara S. Dudda, Kroncke, D'Arcangelo, Sutter & Fure, Toledo, OH, David I. Katzman, Schaden, Katzman, Lampert & McClune, John D. McClune, Schaden, Katzman, Lampert & McClune, Troy, MI, William G. Kroncke, Kroncke, D'Arcangelo, Sutter & Fure, Toledo, OH, for Plaintiffs.

Cash H. Mischka, Ulmer & Berne, Cleveland, Kenneth A. Bravo, Ulmer & Berne, Thomas E. Dover, Gallagher, Sharp, Fulton & Norman, Thomas J. Kaiser, City of Cleveland, Department of Law, Cleveland, OH, Gregory A. Harrison, Dinsmore & Shohl, Cincinnati, OH, for Defendants.

## ORDER

CARR, District Judge.

This is a diversity case which was tried before the Hon. John W. Potter, who accepted the assignment due to the unavailability of the undersigned. The jury was unable to reach a verdict, and the case has been set for retrial before the undersigned for February 12, 2002.

Pending are motions by the plaintiff to strike supplemental responses to interrogatories and defendant to reopen discovery to allow certain measurements to be taken. For the reasons that follow, the plaintiff's motion shall be granted and defendant's motion shall be denied.

This case involves alleged design and manufacturing defects in an engine built in Austria and sold by the defendant, a Canadian corporation. The course of discovery (and thus, trial) was delayed significantly by the defendant's representation that the witness with the most knowledge about the design and manufacture of the engine was located in Austria. Consequently, letters rogatory had to be prepared and served and the witness deposed in Austria.

After the trial failed to result in a verdict, the defendant supplemented its earlier interrogatory responses by identifying two additional witnesses "knowledgeable in the design [and] manufacture" of the engine. Plaintiff seeks to strike this supplemental response as untimely.

In addition, defendant has filed a motion seeking leave to conduct certain tests on the engine. Plaintiff opposes this motion as well.

Plaintiff asserts that at least one of the newly identified employees lives in the United States or Canada. If so, either or both should have been identified at the outset of discovery. That would have avoided the delay resulting from issuance and service of letters rogatory. It would have avoided infliction on the plaintiff of the expense of sending his lawyer to Austria to depose the witness originally identified by the defendant in its interrogatory response.

Alternatively, if either or both the witnesses resides overseas, they should have been deposed there in the course of the earlier deposition.

In any event, defendant has offered no explanation for its failure to have identified either of these witnesses earlier. Before they should be allowed to become part of this case, defendant should have presented a far more detailed description of what they would add and why they were not identified earlier.

Were these witnesses, moreover, to be introduced at this point into this case, the plaintiff would be required, in all likelihood, to submit their testimony to review by an expert (with concomitant expense), present the defendant with a copy of its expert's report and produce the expert for deposition. In addition, the defendant, no doubt, would want to procure its own expert report, and the plaintiff would have to depose the defendant's expert. Even if there were time enough to do so, the plaintiff would be required to bear substantial additional expense in a case that already has been very expensive to prepare and present once in court.

In addition, defendant has supplemented its interrogatory response with a copy of a diagram that it states was "inadvertently" not produced in a more timely fashion. Plaintiff contends that this document appears to reflect a material change in defendant's approach to its case.

The mere statement at this late stage that something was inadvertently not produced is an insufficient explanation of the circumstances of non-production. To suffice at this point, an explanation should be detailed, and show something other than oversight or inattention.

I find that defendant had not given an adequate explanation for its failure to have produced these witnesses and this document in a timely manner. The plaintiff's motion to strike the responses shall be granted.

Given the lack of any acceptable explanation for the delayed desire to conduct tests on the engine, defendant's motion to do so shall likewise be overruled.

Alternatively—and if plaintiff in his sole discretion so desires—he may depose those witnesses at a time and location of his choosing, with the defendant to bear all costs thereby incurred, including the plaintiff's costs and attorney's fees, along with the costs and fees incurred in: a) scheduling, arranging, preparing for and attending, and otherwise participating in the prior deposition in Austria; b) resulting from defendant's supplementation of its interrogatory responses and motion to conduct tests; and c) all further discovery conducted by either party..

In other words, if plaintiff so desires, the witnesses and document now being proffered can become part of this case if the defendant bears the costs of all discovery that has occurred and may occur since dismissal of the jury without a verdict, and, as well, the costs attendant on scheduling, arranging, preparing for and attending the Austrian deposition. Had defendant responded in a timely manner with the information it now seeks to introduce into this case, the Austrian deposition might not have been necessary. In any event, it should pay for the costs and fees incurred by plaintiff as a result of any further necessity caused or necessitated by its late disclosure of the two witnesses and the document.

If plaintiff does not desire, despite the shifting of the costs to the defendant, to allow the witnesses and document to become a part of this case and permit inspection of the engine, his opposition thereto shall be sustained, without further sanction.

In light of the foregoing, it is hereby

ORDERED THAT:

1. Plaintiff's motion to strike supplemental interrogatory responses granted; defendant's motion to conduct further tests denied; or, in the alternative,

2. If plaintiff in his sole discretion so desires, his motion shall be overruled, and defendant's motion granted, provided that defendant pays all costs and attorney's fees, as provided herein.

So ordered.